UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID B. SIMONS, | ) | CASE NO. 1:16 CV 0072 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| ACTING WARDEN, B. SPOONY, | ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) | |

Petitioner, a federal inmate at the Elkton Correctional Institution, has filed this habeas corpus action pursuant to 28 U.S.C. §2241, seeking release from incarceration on the ground that he is "being denied meaningful access to the valid Laws" of the United States in violation of his constitutional rights under the Sixth and Fifth Amendments.

However, a §2241 habeas petition is not the appropriate vehicle for a prisoner to challenge the conditions of his confinement, as the petitioner does here. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ( "[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In order to seek relief concerning the conditions of his confinement, the petitioner must file a civil rights action.[1]

---

[1] To bring a civil rights action, the petitioner would have to file a complaint in a new case, and either pay the $400 filing fee or an application to proceed *in forma pauperis*, accompanied by a certified prisoner account statement, in order for the court to assess and collect the appropriate fee. *See* 28 U.S.C. §1915(b)(1).

Accordingly, this action for a writ of habeas corpus is dismissed without prejudice pursuant 28 U.S.C. §2243. The court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                      */s/ John R. Adams*
                                                      JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE

DATED: 3/16/16